UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

RANDY A. HART,

    Plaintiff,

v.                                        Case No.  5:19-cv-401-TKW/MJF

MARK INCH, et al.,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

Pending before this court is Plaintiff's response to this court's order to show cause. After consideration of the issues raised by the Plaintiff and Plaintiff's litigation history, it is the opinion of the undersigned that this case should be dismissed, without prejudice, pursuant to 28 U.S.C. § 1915(g).[1]

**I.  Background**

At the time Plaintiff commenced this action, Plaintiff was an inmate in the custody of the Florida Department of Corrections and housed at the Holmes Correctional Institution. He commenced this suit in the Middle District of Florida pursuant to 42 U.S.C. § 1983. (Doc. 1). Plaintiff alleged that the three Defendants

---

[1] This case was referred to the undersigned to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b); Fed R. Civ. P. 72(b).

wrote "bogas [sic] disciplinary report against the plaintiff" in retaliation for him bringing a lawsuit against Defendants. (Doc. 1 at 2). He simultaneously filed a copy of his inmate account statement. (Doc. 2).

On October 15, 2019, District Judge Carlos E. Mendoza issued an order directing that the case be transferred to the Northern District of Florida. (Doc. 4). Upon review of his complaint, the undersigned directed Plaintiff to file the complaint on the form approved for use by *pro se* litigants in the Northern District of Florida. (Doc. 8). The undersigned also directed Plaintiff to pay the $400.00 ($350.00 filing fee and $50.00 administrative fee) fee. *Id.* The undersigned imposed a deadline of November 29, 2019 to comply. Plaintiff failed to comply. Accordingly, the undersigned issued an order to show cause why this case should not be dismissed.

On December 18, 2019, Plaintiff's response to this court's order to show cause was docketed. (Doc. 12). In his handwritten response, Plaintiff failed to explain why he did not comply with this court's order. Rather, Plaintiff requests that he be granted leave to proceed *in forma pauperis* because "Defendants have threatened the plaintiff with bodily harm if plaintiff continues with the civil action." (Doc. 12 at 2). Plaintiff also requests that this court construe his response to the order to show cause as an amended complaint.[2] *Id.* Despite the deficiencies, the undersigned will

---

[2] Despite the clerk of the court providing Plaintiff the forms required by the Local Rules, Plaintiff failed to use the required forms. Instead, he has provided this court with a handwritten document, which violates several Local and Federal Rules of

construe Plaintiff's response as a motion for leave to proceed *in forma pauperis* and as an amended complaint.

## II. Discussion

The federal *in forma pauperis* statute, codified at 28 U.S.C. § 1915, "generally authorizes courts to waive ordinary filing fees for an indigent litigant seeking to bring a lawsuit." *Pinson v. Samuels*, 761 F.3d 1, 4 (D.C. Cir. 2014) (citing 28 U.S.C. § 1915(a)(1)). In light of "widespread concerns that inmates had been flooding the courts with meritless claims, Congress enacted the Prison Litigation Reform Act (PLRA)." *Id.* The Prisoner Litigation Reform Act of 1995, Pub. L. No. 104–134, 110 Stat. 1321 (1996), was enacted in "an effort to stem the flood of prisoner lawsuits in federal court." *Harris v. Garner*, 216 F.3d 970, 972 (11th Cir. 2000) (en banc); *Gibbs v. Cross*, 160 F.3d 962, 966 (3d Cir. 1998) ("Congress [in enacting the 'three strikes' provision] was clearly concerned with continuing to afford *in forma pauperis* filing status to inmates who had a history suggestive of abusing the judicial system.").

---

Civil Procedure. *See* N.D. Fla. Loc. R. 5.1(B) ("The document must include a heading after the case style but before any other content. The heading must clearly identify the document."); N.D. Fla. Loc. R. 5.3 ("A party who moves for leave to proceed *in forma* pauperis must simultaneously file a financial affidavit on a form available without charge from the Clerk or on the District's website."); N.D. Fla. Loc. R. 5.7(A) ("A party not represented by an attorney must file" a civil-rights case on the complaint form "available without charge from the Clerk or on the District's website"); Fed. R. Civ. P. 10 ("Every pleading must have a caption . . . and a Rule 7(a) designation").

In pursuit of that goal, 28 U.S.C. § 1915(g) prohibits a prisoner from proceeding *in forma pauperis* if the prisoner previously filed three or more actions that were dismissed for frivolity, maliciousness, or for failure to state a claim. *See* 28 U.S.C. § 1915(g). The statute provides a narrow exception for instances in which the prisoner-litigant is in imminent danger of serious physical injury. *Id.* The statute provides in relevant part:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

This statute does not banish such litigants from the courthouse. Rather, a prisoner who is no longer entitled to proceed *in forma pauperis* simply must pay the filing fee at the time he initiates his lawsuit. *Ciarpaglini v. Saini*, 352 F.3d 328, 329 (7th Cir. 2003) ("This does not mean he cannot proceed in any civil suit; it just means he must pay a filing fee unless he meets the imminent danger statutory exception."). As the Eleventh Circuit has noted "proceeding IFP in a civil case is a privilege, not a right—fundamental or otherwise." *Daker v. Jackson*, 942 F.3d 1252, 1257 (11th Cir. 2019) (quoting *Rivera v. Allin*, 144 F. 3d 719, 724 (11th Cir. 1998)). Failure to pay the filing fee warrants dismissal. *See Mitchell v. Nobles*, 873 F.3d 869, 872 (11th

Cir. 2017) (noting that Eleventh Circuit precedent requires dismissal of the complaint without prejudice); *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he initiates the suit"); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (stating that after three meritless suits, a prisoner must pay the full filing fee at the time he initiates his suit).

### A. Plaintiff's History of Federal Litigation

In addition to the case at bar, Hart has filed at least seven civil actions in federal courts. Five were dismissed for failure to state a claim upon which relief may be granted, and one was dismissed based on frivolity:

1. *Hart v. Sheriff Grady Judd*, No. 8:11-cv-159 (M.D. Fla. Aug. 10, 2011) (dismissing Plaintiff's complaint for failure to state a claim upon which relief can be granted, pursuant to § 1915(e)(2)(B)(ii));

2. *Hart v. Assistant Warden*, No. 1:15-cv-21257-DPG (S.D. Fla. Aug. 31, 2015) (dismissing Plaintiff's complaint for failure to state a claim upon which relief can be granted, pursuant to § 1915(e)(2)(B)(ii));

3. *Hart v. Hayes*, No. 1:16-cv-21395-UU (S.D. Fla. May 10, 2016) (dismissing Plaintiff's complaint for failure to state a claim upon which relief can be granted, pursuant to § 1915(e)(2)(B)(ii));

4. *Hart v. Knight*, No. No. 8-16-cv-1337-T-33JSS (M.D. Fla. June 3, 2016) (dismissing Plaintiff's complaint for failure to state a claim upon which relief can be granted, pursuant to § 1915(e)(2)(B)(ii));

5. *Hart v. United States*, No. 1-16-cv-21889-FAM (S.D. Fla. July 29, 2016) (dismissing Plaintiff's complaint for failure to state a claim upon which relief can be granted, pursuant to § 1915(e)(2)(B)(ii)); and

6. *Hart v. Florida*, No. 8:13-cv-02533-JSM-MAP (M.D. Fla. Oct. 4, 2013) (dismissing Plaintiff's complaint for frivolity pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)).

Each of these cases qualifies as a "strike" for purposes of section 1915(g), and each was dismissed prior to October 3, 2019, when Plaintiff placed his complaint in the prison mailing system.[3] (Doc. 1 at 1). Therefore, Plaintiff is precluded from litigating this case *in forma pauperis* unless he demonstrates that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see Ciarpaglini*, 352 F.3d at 329.

### B. The "Imminent Danger of Serious Physical Injury" Exception

As noted above, there is a narrow exception to the rule precluding a litigant with "three strikes" from proceeding *in forma pauperis*: when a prisoner is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g); *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). To fall within this exception, a complaint at a minimum must allege that the plaintiff is in imminent danger that likely would result in serious physical injury if not addressed promptly. *Brown*, 387 F.3d at 1350. A mere conclusory assertion of imminent danger is insufficient, however. *See*

---

[3] *Daniels v. United States*, 809 F.3d 588, 589 (11th Cir. 2015) (explaining that, under the prison mailbox rule, a *pro se* prisoner's pleading is deemed filed on the date it was delivered to prison authorities for mailing).

*Ciarpaglini*, 352 F.3d at 331; *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003); *White v. Colorado*, 157 F.3d 1226, 1231 (10th Cir. 1998). The complaint must include "specific, credible allegations of imminent-danger of serious physical harm." *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011). Stated another way, to qualify under this exception, the complaint must contain specific factual allegations of ongoing serious physical injury, or of pattern of misconduct reflecting a likelihood of imminent serious physical injury. *See Martin*, 319 F.3d at 1050.

A claim by a prisoner that he *previously* was in imminent danger is insufficient to allow him to proceed *in forma pauperis* pursuant to the imminent danger exception. *See Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that the exception was not triggered when a threat of assault by other prisoners ceased to exist prior to filing the complaint); *see also Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002) (holding that "imminent danger" exception to § 1915(g)'s "three strikes" rule is construed narrowly and available only "for genuine emergencies," where "time is pressing," and when a threat is "real and proximate."). Moreover, "imminent danger" is assessed not at the time of the alleged incident, but rather at the time the complaint is filed. *See Pinson*, 761 F.3d at 4; *Martin*, 319 F.3d at 1050; *Abudl-Akbar v. McKelvie*, 239 F.3d 307, 213 (3d Cir. 2001); *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999).

Construed liberally, Plaintiff's amended complaint lacks a sufficient allegation of imminent danger of serious physical injury. Plaintiff's amended complaint states:

> On September 10th, 2019 Plaintiff was written a bogas [sic] disciplinary report for exercising his constitutional rights. The bogas [sic] disciplinary report was authorized by Captain J. Land and later approved by Colonel, Jeffrey Brown at Holmes C.I. in Bonifay, Florida; (see this case) (Florida Department of Corrections)
>
> On September 12th, 2019 Plaintiff was convicted for the bogas [sic] disciplinary report by the Disciplinary Team. Team Chairman, Nora Carter, Classification Specialist at Holmes C.I.
>
> Federal Courts must look into the frame-work of an inmates pro se filings to determine if the inmate's allegations are correct and true.
>
> Plaintiff filed civil complaint against the Defendants and the Defendants retaliated with the Bogas [sic] Disciplinary report. *See: Case No. 2019-CA-000786-0000-00 at www.polkcountyclerk.net (Polk County CourHouse/Florida. The Bogas [sic] Disciplinary report and conviction came only after Plaintiff filed the above civil complaint. Case No. 2019-CA-000786-0000-00.

(Doc. 12 at 3).

The complaint clearly does not contain factual allegations indicating that Plaintiff is in imminent danger of serious physical injury. Even Plaintiff's statement that Defendants "have threatened Plaintiff with bodily harm" is insufficient insofar as it is vague and conclusory. *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011) (noting that the complaint must include "specific, credible allegations of imminent-danger of serious physical harm"); *Brown*, 387 F.3d at 1350

(citing with approval Eighth Circuit precedent that conclusory allegations that defendants were trying to kill plaintiff were insufficient to satisfy imminent danger exception); *Ciarpaglini*, 352 F.3d at 331; *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003); *White v. Colorado*, 157 F.3d 1226, 1231 (10th Cir. 1998). Among other things, Plaintiff does not identify the actors who allegedly made these threats, the date the alleged threats were made, and the actual wording of the alleged threats.

Because Plaintiff has accrued three strikes and has not alleged sufficient facts indicating that he faces imminent danger of serious physical injury, he cannot proceed *in forma pauperis*. Because he also has not paid the filing fee upon commencing this civil action, the district court should dismiss Plaintiff's complaint without prejudice in light of his failure to pay the filing fee.

### III.   Conclusion

For the reasons, set forth above the undersigned respectfully **RECOMMENDS** that:

1. Plaintiff's motion to proceed *in forma pauperis* (Doc. 12) be **DENIED**.

2. This case be **DISMISSED**, pursuant to 28 U.S.C. § 1915(g), without prejudice to Plaintiff's initiating a new cause of action accompanied by payment of the $400.00 filing fee.

**SO ORDERED** this 23rd day of December 2019.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.